# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:19cr131-LG-JCG-1

**XZAVIER EARL DAMON WILSON**

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

**BEFORE THE COURT** is the [41] Motion to Suppress filed by the defendant, Xzavier Earl Damon Wilson. The Government has filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Suppress should be denied.

## BACKGROUND

A reliable confidential source informed investigators from the Harrison County Sheriff's Office that the defendant Wilson was selling heroin from a residence located at 120 Carson Drive, Gulfport, Mississippi. On September 30, 2019, while conducting surveillance of the Carson Drive residence, investigators witnessed Wilson drive away from the residence in a black Nissan Altima. The investigators stopped Wilson's vehicle for following too closely. Upon approaching Wilson's vehicle, the investigators smelled the odor of marijuana coming from the vehicle. Investigators searched the vehicle and found approximately two ounces of methamphetamine, a small amount of marijuana, bulk United States currency, and a Springfield XD 45 caliber handgun. The investigators claim that Wilson told

them he occasionally lives at 120 Carson Drive. The investigators requested a search warrant of 120 Carson Drive, asserting that the property is occupied and controlled by Wilson. The investigators obtained a search warrant that permitted them to search all persons, sheds, vehicles, and other structures located on the property. During the search, investigators found a shoebox and backpack inside an inoperable Camaro parked at the property. The backpack contained a "Romarm/Cugir 7.62x39mm Micro Draco firearm with a high capacity magazine containing eighteen rounds of Tulammo brand 7.62x39mm ammunition" as well as additional ammunition. (Affidavit of William Dreschel Ex. 2, at 7, ECF No. 46.) The shoebox contained approximately one ounce of suspected heroin and approximately 385 grams of suspected methamphetamine.

Wilson was indicted for one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime (possession with intent to distribute methamphetamine) for which he may be prosecuted in a court of the United States, one count of possession with intent to distribute a mixture or substance containing a detectable amount of heroin, and one count of possession of a firearm in furtherance of a drug trafficking crime (possession with intent to distribute heroin).

Wilson filed a Motion asking the Court to suppress all drugs and weapons recovered from Wilson's Altima and the Camaro located at the Carson drive property. He claims that the warrant violates the Fourth Amendment of the

Constitution because a background check would have revealed that he has no connection to the Carson Drive property or the Camaro. He also claims that it was improper for the officers to stop his vehicle for following too closely.

## DISCUSSION

"The proponent of a motion to suppress has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights." *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014) (quoting *United States v. Kelley*, 981 F.2d 1464, 1467 (5th Cir. 1993)). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

### I. THE STOP OF WILSON'S VEHICLE

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Following another vehicle too closely is prohibited by Miss. Code Ann. § 63-3-619(1). Therefore, the traffic stop of Wilson's vehicle did not violate the Fourth Amendment.

## II. THE SEARCH OF THE CAMARO

### A. STANDING

The Government asserts that Wilson's arguments that he did not own the Carson Drive property or the Camaro demonstrate that he lacks standing to pursue the present Motion. Courts "use a two-pronged test to determine whether a defendant has standing under the Fourth Amendment to challenge a search: 1) whether the defendant [can] establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and 2) whether that expectation of privacy is one which society would recognize as [objectively] reasonable." *United States v. Wise*, 877 F.3d 209, 218 (5th Cir. 2017). A person "without a proprietary or possessory interest in a vehicle that was searched has no reasonable expectation of privacy in the car itself." *United States v. James*, 770 F. App'x 700, 701 (5th Cir. 2019).

The present case concerns the search of a parked, unoccupied vehicle in which Wilson claims no property interest. He also claims that he does not own or control the property where the car was parked at the time of the search. As a result, this Court finds that Wilson does not have standing to seek suppression of the items found in the vehicle. Nevertheless, out of an abundance of caution, the Court will consider Wilson's arguments.

### B. WILSON'S SUPPRESSION ARGUMENTS

The Court will assume arguendo that this defendant has demonstrated standing. In cases where the Government obtained a search warrant, "[a]

magistrate's determination of probable cause is entitled to great deference by reviewing courts." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010). The Fifth Circuit has held that probable cause questions should be considered in two stages.

> First, the court determines whether the good-faith exception to the exclusionary rule applies. If it does, the court need not reach the question of probable cause for the warrant unless it presents a novel question of law, resolution of which is necessary to guide future action by law enforcement officers and magistrates.

*United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019). "Under the good-faith exception, evidence obtained during the execution of a warrant later determined to be deficient is admissible nonetheless, so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." *Id.* at 780. "The good-faith exception does not apply where the magistrate judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth." *Id.* at 780.

In the present case, the affiant stated that the Carson Drive address was occupied and controlled by Wilson. In exhibit B to the affidavit, the affiant explained that Wilson told officers that he lived at the Carson Drive address occasionally.

First, there is no indication that the investigator who signed the affidavit knew that information contained in the affidavit was false. In addition, it appears that both the affidavit and its exhibits were provided to the judge who signed the warrant, so the judge was fully aware of Wilson's claimed connection to the property

and was not misled by the affidavit. Furthermore, there is no evidence or testimony to refute the affiant's account of what Wilson told him. The affiant was entitled to rely on Wilson's statement, and contrary to Wilson's assertion, was not required to conduct a background check to determine whether Wilson's statement was truthful. The failure to conduct a background check certainly does not constitute reckless disregard. Therefore, the good-faith exception applies here.

Wilson also argues that the search of the Camaro and Carson Drive address was invalid, because there was no nexus between Wilson and the vehicle or the Carson Drive residence.

> The requisite nexus between the location to be searched and the evidence sought can be shown by direct observation or by normal inferences as to where the articles sought would be located. The issuing judge may draw reasonable inferences from the material he receives, and the ultimate determination of the affidavit's adequacy is entitled to great deference on review.

*United States v. Robinson*, 741 F.3d 588, 597-98 (5th Cir. 2014). In the present case, investigators were notified by a reliable confidential informant that Wilson was selling heroin from the Carson Drive property. The investigators saw Wilson leave the Carson Drive property, and when they stopped him for a traffic violation, they found narcotics and a weapon in his vehicle. Finally, Wilson told the investigators that he occasionally lived at the Carson Drive property. As a result, the investigators had specific, concrete reasons to believe that narcotics would be found at the residence and in the vehicles parked on the property. In the opinion of the Court Wilson has not demonstrated that the search of the Camaro or Carson

Drive property violated his Fourth Amendment rights. Therefore, his Motion to Suppress must be denied.

## CONCLUSION

For the foregoing reasons, Wilson's Motion to Suppress is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [41] Motion to Suppress filed by the defendant, Xzavier Earl Damon Wilson, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE